

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2004

# Gopaul v. Dist Dir BCIS

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Gopaul v. Dist Dir BCIS" (2004). *2004 Decisions.* Paper 248.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/248

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4158

———

DIARAM GOPAUL,

Appellant

v.

EDWARD MCELROY, District Director,
Bureau of Citizenship & Immigration
Services, New York District; EDUARDO
AGUIRRE, Acting Director, Bureau of
Citizenship & Immigration Services;
TOM RIDGE, Secretary U.S. Department
of Homeland Security

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-02970)
District Judge: Honorable Herbert J. Hutton

———

Submitted under L.A.R. 43.1
September 23, 2004

Before: McKee , Aldisert and Greenberg, Circuit Judges.

(Filed: October 6, 2004)

OPINION OF THE COURT

——

ALDISERT, Circuit Judge.

This is an appeal from the judgment of the District Court for the Eastern District of Pennsylvania denying Diaram Gopaul's habeas petition filed pursuant to 28 U.S.C. § 2241. Gopaul, a native and citizen of the Republic of Guyana, contends that the district court erred: (1) in determining that he was not entitled to a bond hearing or release from custody because his ninety day removal period has not yet expired and detention of an alien during that statutory period is mandated by law; (2) in deciding that request for adjudication of his I-486 and I-601 applications was moot; and (3) holding that he was not denied effective assistance of counsel. We affirm.

Because we write only for the parties who are familiar with the facts and the proceedings in the district court, we will discuss only the legal issues presented.

I.

In denying the petition for the writ, the court explained:

The writ of habeas corpus is dismissed because Gopaul's 90 day removal period has not yet expired and detention of an alien during the statutory period is mandated by law. The Bureau of Immigration and Customs Enforcement (BICE) has statutory power under 8 USC § 1231 (2003) to detain aliens who have been ordered removed. Section 1231(a)(1)(A) requires a 90 day "removal period," allotting the BICE 90 days to remove the alien from the United States. Section 1231(a)(2) requires the Attorney General to detain the alien during the removal period.

The Immigration Judge issued a removal order for Gopaul on November 5,

2

1996. The removal period for petitioner began on April 30, 2003, when Gopaul entered BICE custody. This court enjoined the government from removing Gopaul on May 12, 2003. The removal period is tolled as of that date because of the injunction on removal. Thus, a total of only 13 days of the removal period have passed, leaving 77 days during which Gopaul's detention is mandated by statute unless the removal order itself is reopened and defeated. Because Gopaul's detention is entirely legal, his petition for Writ of Habeas Corpus is dismissed.

App at 2.

We agree with the court's analysis which is applicable to the request for adjudication of Gopaul's I-485 and I-601 applications, and also to the denial of his request for a bond hearing or release from custody.

II.

It is well established that Article III courts are precluded from ruling on wholly abstract matters; there must be a live, ongoing dispute between the parties at all stages of the litigation. County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–699 (3d Cir. 1996).

On April 30, 2003, the Department of Homeland Security ("Department") denied Gopaul's applications for Adjustment of Status and Waiver of Inadmissibility. (Supp. App. 23, 24–27.) On May 7, 2003, Gopaul filed a petition for habeas corpus relief seeking an order from the district court to require the Department to immediately adjudicate his

applications for Adjustment of Status and Waiver of Inadmissibility. Because the applications were adjudicated by the Department before Gopaul filed his petition, the district court was unable to grant Gopaul the relief he sought, immediate adjudication of his applications.

The district court correctly held that Gopaul only sought to compel a decision on the Waiver and Adjustment of Status applications; he did not seek review of the Department's decisions. Because the Department decided the applications before Gopaul filed his habeas petition, there was no longer an issue for the court to adjudicate. Consequently, the court correctly dismissed Gopaul's requests for lack of subject matter jurisdiction. Rule 12(b)(1), Federal Rules of Civil Procedure.

Gopaul claims that the denial of his I-485 and I-601 applications did not fully resolve the question of whether he was entitled to obtain an adjustment of his alien status pursuant to INA section 245. He is mistaken. Section 245 of the INA sets forth the criteria necessary for an alien, such as Gopaul, to obtain Adjustment of Status. To adjust his status to that of a person admitted for permanent residence Gopaul must do four things: (1) make application for adjustment using a form I-485; (2) obtain eligibility to receive an immigrant visa; (3) become admissible for permanent residence in the United States; and (4) obtain an immigrant visa which is immediately available to him at the time if his application for adjustment. 8 U.S.C. § 1255(a). If Gopaul cannot meet any one of the criteria set forth above, he is ineligible for adjustment of status under INA section

4

245(a). See Agyeman v. INS, 296 F.3d 871, 879 & n. 2 (9th Cir. 2002) (finding that an approved I-130 application only establishes eligibility for adjustment of status; the agency must still decide to accord the status).

The Department denied Gopaul's application for Adjustment of Status and his request for a Waiver of Inadmissibility. (Supp. App. at 24.) Consequently, Gopaul cannot meet the requirements set forth in INA section 245 and is ineligible for Adjustment of Status. Whether the Department had ruled on his wife's I-130 Relative Application at the time the district court dismissed his Habeas Corpus Petition is of no consequence because such a ruling merely establishes eligibility for Adjustment of Status, it is not determinative. See id.

In sum, Gopaul filed the petition seeking adjudication of his application for Adjustment of Status. The Department had already ruled on the Adjustment of Status application prior to his filing the habeas petition. The court, therefore, did not err is dismissing the petition as moot.

III.

To advance a successful claim for ineffective assistance of counsel, an alien must demonstrate prejudice. The alien must show that he was prevented from reasonably presenting his case. Gopaul has not met this burden. He admits removability and makes no attempt to show that his previous counsel's handling of the habeas corpus proceedings deprived him of the opportunity to present his case. Gopaul has not presented any

5

evidence that provides us with a basis for concluding that his previous council's performance amounted to a deprivation of due process.

We have considered all contentions and conclude that no further discussion is necessary.

The judgment of the district court will be affirmed.